**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CARLOS GARCIA CUZCO,                )
                                    )
              Petitioner,           )
                                    )    3:26-cv-01164
v.                                  )
                                    )
TODD BLANCHE, et al.,               )
                                    )
              Respondents.          )
                                    )

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Ecuador, is currently detained at Moshannon Valley Processing Center. He entered the United States without inspection on or around May 17, 1999, and has remained in the United States since that time. Petitioner was arrested and detained on or around June 5, 2026. The Immigration and Customs Enforcement ("ICE") agents and the local Police Officer who detained Petitioner that day determined that he was unlawfully present in the United States. Respondents rely on 8 U.S.C. § 1225(b)(2)(A) to support that detention. (ECF No. 11, at 2).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 addresses detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Although our Court of Appeals has yet to weigh in on this issue, this Court joins the United States Courts of Appeals for the Second, Sixth and Eleventh Circuits, and the overwhelming majority of district courts —

1

numbering at least 350 — in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. *See Da Cunha v. Freden*, No. 25-3141, slip op. (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, slip op. (6th Cir. May 11, 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Mia.*, No. 25-14065, slip op. (11th Cir. May 6, 2026); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 506-14 (S.D.N.Y. 2025) (collecting 350 cases). The Court's conclusion also aligns with the reasoning of Judge Lee's Opinion for the United States Court of Appeals for the Seventh Circuit. *Castanon Nava v. DHS*, No. 25-3050, slip op. (7th Cir. May 5, 2026). The Court concludes that those decisions supply the appropriate legal rule as to this issue in the context of this matter, as opposed to the decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In the circumstances presented, Petitioner's detention is governed by § 1226(a), and he has a right to an individualized bond hearing.

AND NOW, this 29th day of June, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court in a filing on the docket of the outcome of the bond hearing. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE

2

to the extent Petitioner seeks any additional relief at this time. The Court retains jurisdiction over the action and the parties pending further proceedings.


/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE


Dated: June 29, 2026

CC: All counsel of record.

3